IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY A. DICK,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-6760** |
| | : | |
| **PRIMECARE MEDICAL, INC.,** *et al.*, | : | |
|     **Defendants.** | : | |

# ORDER

AND NOW, this 24th day of July, 2025, in light of *pro se* Plaintiff Corey A. Dick's failure to file an amended complaint in accordance with this Court's Order entered on April 10, 2025 (ECF No. 20), which informed Dick that failure to file an amended complaint would be understood as an intention to stand on his Complaint and would result in final dismissal of this case; and further considering his failure to file an amended complaint despite the May 5, 2025, Order (ECF No. 23) granting him a thirty-day extension to do the same, which also warned him that failure to do so would be construed as an intent to stand on the original Complaint,[1] it is

**ORDERED** that:

    1.    Dick's case is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[1] The United States Court of Appeals for the Third Circuit has instructed district courts that, when the district court has dismissed a complaint without prejudice with leave to amend and the plaintiff does not amend her complaint within the time permitted, the district court "should simply enter an order converting its previous dismissal without prejudice into a dismissal with prejudice on the merits." *Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).

[2] Despite being notified of the requirement to update his address with the Court within fourteen days of a change, (*see* ECF No. 3 at 2), Dick did not update his address, and the May 5, 2025, order was returned undeliverable by the United States Postal Service. (ECF No. 24.) A search of the Pennsylvania Department of Corrections' inmate locator website indicated that

Dick was no longer incarcerated within that system. Public dockets reflect that an order granting parole was entered in *Commonwealth v. Dick*, CP-09-CR-0005056-2022, on April 17, 2025. Dick's thirty-day extension to file an amended complaint granted in the Court's May 5, 2025, order has long expired. Dick has not filed anything in the case since he submitted a motion for an extension dated April 17, 2025, and his failure to update his address means that "[a]n order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (*per curiam*). Even if the Court were not dismissing the matter on the merits because the original Complaint did not state a claim, Dick's failure to keep his address current and thus inability to receive or respond to court orders has rendered adjudication impossible in this case. *See id.* (affirming dismissal of case where the plaintiff's failure to provide an up-to-date mailing address and the consequent return of court orders as undeliverable left the district court with "little choice as to how to proceed.").

An analysis under *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors"), is ordinarily not required for dismissal orders based on a plaintiff's intention to stand on his compliant, *see Weber v. McGrogan*, 939 F.3d 232, 241 & n.11 (3d Cir. 2019), nor when a plaintiff willfully abandons the case or makes adjudication impossible, *see Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*). *See Welch v. City of Philadelphia*, No. 11-4670, 2012 WL 1946831, at *3 (E.D. Pa. May 30, 2012) (concluding that analysis of *Poulis* factors was not required where "it appear[ed] that [plaintiff] left prison months ago and ha[d] not provided this Court or the Defendants with his current address"). Dick's § 1983, negligence, and medical malpractice claims based on alleged events between February and September 2023 are subject to a two-year statute of limitations, which may have expired with respect to at least some of his claims—although the Court does not expressly decide the issue here. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

In an abundance of caution, therefore, the Court has considered the *Poulis* factors and determined that they do not counsel against dismissal here. Those factors for consideration are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Dick's sole responsibility to prosecute his case and comply with Court orders, and only he is to blame for the failure to file an amended complaint and a change of address. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was proceeding *pro se*, any failure to comply with orders was attributable to him). The second factor, prejudice to the defendants, is neutral because the case is in its early stage of litigation and the remaining defendant PrimeCare has not been served yet. The third factor, dilatoriness, weighs against Dick. Dick's failure to file an amended complaint will be

2.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.

3.      If Dick did not intend to stand on his Complaint, he must move for reconsideration of this Order in accordance with Federal Rule of Civil Procedure 59(e).

**BY THE COURT:**

_____
**MIA R. PEREZ, J.**

---

interpreted as an intent to stand on the original Complaint, which does not indicate dilatoriness. Yet his failure to provide the Court with an up-to-date address, also suggests that he has now abandoned his claims. The fourth factor, whether plaintiff's conduct was willful or in bad faith, is neutral because the Court understands Dick's failure to file an amended complaint as an intent to stand on the original Complaint. But the Court cannot say whether Dick's "failure to update his address was 'willful' or 'in bad faith' because, given his unknown whereabouts, we cannot ask him." *Welch*, 2012 WL 1946831, at *3; *see also El-Hewie v. Paterson Pub. Sch. Dist.*, No. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is ambiguous" the court could not conclude that litigant acted willfully or in bad faith for purposes of the fourth *Poulis* factor). On this record, Dick's failure is more consistent with negligence or inadvertence than bad faith.

      An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective because Dick is proceeding *pro se*, is likely unable to pay monetary sanctions given his request to proceed *in forma pauperis*, and because the Court has no way of imposing those sanctions without the ability to contact Dick. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*). Regarding the last factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery. *See Poulis*, 747 F.2d at 869-70. Dick's complaint raised a violation of his constitutional right to be free from deliberate indifference to a serious medical need, plus claims of negligence and medical malpractice under state law. At this early stage of the litigation, based solely on the facts alleged in the Complaint, it is possible that one of his legal claims could have merit, but not without amending his complaint. To proceed against PrimeCare under § 1983 he needed to allege "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]," and Dick failed to plead anything about a policy or custom in his complaint. *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). Dick also alleged medical malpractice and negligence claims under state law, but he had not sufficiently pled diversity of the parties for federal jurisdiction to lie. (*See* ECF No. 2 at 1.) Considering what is presently before the Court, this factor weighs against Dick. The Court is satisfied that, on balance, the *Poulis* factors weigh in favor of dismissal of this action.